UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>$17,460.00 U.S. Currency,<br>    Defendant. | §<br>§<br>§ CIVIL ACTION NO.<br>§<br>§<br>§ |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Melissa Hotze, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned Defendant property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Currency is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

**DEFENDANT PROPERTY SUBJECT TO FORFEITURE**

3. The defendant property is described as follows: $17,460.00 U.S. Currency ("Defendant Currency") which was seized at Houston Intercontinental Airport

on January 4, 2023 by law enforcement officers from a suitcase belonging to Akanni Rodkeith Burton ("Burton").

4. On or about March 23, 2023, Burton, through his attorney Tre Meredith, submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Currency.

## STATUTORY BASIS FOR FORFEITURE

5. The Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

6. On Wednesday, January 4, 2023, Burton was stopped by law enforcement officers at the George Bush Intercontinental airport, which is located at 3500 North Terminal Road, Houston, Texas. Members of the Houston Police Department's ("HPD") Narcotic Division and Houston George Bush Intercontinental Airport Interdiction Detail were monitoring flights for possible money/narcotics couriers traveling through the airport. The officers are specially trained in observance of potential narcotics/money traffickers and are able to determine and identify behavior characteristics common among the normal traveler and those characteristics of persons who are narcotics/money carriers.

7. HPD K9 Officer Steve Fisher deployed his K9 "Fifi," who indicated

a positive alert on Burton's bag. Officer Fisher noted that the bag was noticeably light in weight.

8. Special Agent Cesar Hernandez ("SA Hernandez") and HPD Officer Alex Sosa approached Burton and identified themselves as law enforcement officers by displaying their badges and credentials. SA Hernandez asked Burton if they could speak with him, to which he said "yes." SA Hernandez and Officer Sosa then proceeded to ask Burton a series of questions related to his travel plans.

9. SA Hernandez asked Burton if there was any reason why a narcotics K9 would have alerted his bag. Burton stated, "I smoke weed." Burton told the investigators that he was flying from his home in Georgia to his final destination of Arcadia, California, and that he planned to be there for a day or two for pleasure. Burton said his plan was to meet his girlfriend there to go to a casino and gamble. He added that he had one checked bag, which Burton said he packed himself and was aware of the contents. Burton stated that there were no drugs in the bag. When asked if Burton had any currency, Burton stated that he had "a couple grand in the bag." When asked by investigators what the exact amount was, Burton stated that he did not know and had "just grabbed to money to gamble" and "didn't even count it once." Burton also told the investigators that he had about $8,000 in his pockets.

10. SA Hernandez asked Burton if they had permission to search his bag, to which Burton provided consent. Burton was told that he could witness the search. Several minutes later, Officer Fisher brought the bag to Officer Sosa and SA Hernandez. Upon opening the suitcase, investigators observed an orange and white towel and an empty

shoe box. SA Hernandez asked where the currency was located, and Burton pointed to the towel. SA Hernandez opened the towel and observed a loose stack of U.S. currency wrapped underneath.

11. At that time, SA Hernandez advised Burton that he was not under arrest, but that due to the inconsistencies in Burton's statements and the K9 alert on his bag, Burton would be escorted to the narcotics office for further questioning. Burton was also informed that he would be rebooked on the next flight to San Francisco.

12. An NCIC check was conducted which indicated several drug possession charges for Burton over the course of 15 years, including a January 22, 2020 arrest for possession of a Schedule III, IV or V controlled substance with intent to distribute.

13. Once in the narcotics office, SA Hernandez and Officer Sosa searched the bag. During this search, no clothing items were found except for a change of undergarments and a hygiene bag. The towels were thrown in and the shoe box was empty. A count was conducted of the currency found in the towel, which totaled exactly $10,000. The currency discovered in Burton's pockets totaled to $7,460.

14. Officer Fisher then utilized a clear, sterile, area and deployed his K9 to explore any narcotics. The K9 produced no alerts. Then, the currency ($17,460.00) was placed in a sterile bag, and the money was hidden in the same room. The K9 was redeployed, and the cash was located with a positive alert to the seized money.

15. SA Hernandez and Officer Sosa then conducted a consensual interview of Burton. Burton was advised once again that he was not under arrest, and that

he did not have to answer any questions. Burton responded by saying that he was willing to answer questions. During this interview, Burton again stated that he had purchased the plane ticket to visit his girlfriend, Alicia Coleman, to stay at a casino and hotel that he could not remember the name of. According to him, Coleman had made all of the arrangements.

16. According to Burton, he is a construction worker and makes approximately $2,800 to $3,000 each month, depending on the amount of business. Burton claimed to own his own company, "Burton Drywall." However, Burton had no business cards or any additional proof that he owned this business. Burton stated that he made between $40,000 and $50,000 from his business in the last year.

17. When asked if evidence could be provided of any construction type jobs via pictures or reviews, Burton could not. Burton stated that he has not established an LLC, DBA, or any licensing for Burton Drywall. According to Burton, a simple Google search would bring up "Burton Drywall." When officers conducted an extensive search via the internet and social media platforms, the only "Burton Drywall" that came up was located in Illinois and Kentucky.

18. Burton stated that his reason for packing lightly was due to his trip only lasting two days.

19. Based on the evidence collected, the $17,460.00 in U.S. Currency was seized as possible proceeds of a drug transaction or monies used in the furtherance of drug trafficking under Title 21 U.S.C. § 881(a)(6). Burton was given a receipt of the money that was seized and information was provided regarding how to file a claim. Burton was then rebooked on the next flight to San Francisco.

20. On Tuesday, January 9, 2023, SA Hernandez and HPD officers transported the currency to Loomis Armored Facility, located at 9225 Park South View, Houston, Texas. Once there, the money was counted and deposited into a United States Marshal's Service account for federal processing. As a result, the following denominations were obtained for the $17,460.00.

| Denominations | Number of Bills | Total |
| --- | --- | --- |
| $100s | 13 | $1,300.00 |
| $50s | 9 | $450.00 |
| $20s | 758 | $15,160.00 |
| $10s | 46 | $460.00 |
| $5 | 18 | $90.00 |
| **Totals** | **844** | **$17,460.00** |

## CONCLUSION

21. Based on the foregoing facts, there is probable cause to believe that Defendant Currency was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

### NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(5).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the Defendant Currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

 /s/ Melissa Hotze
Melissa Hotze
Assistant United States Attorney
SDTX Admission Number 784631
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713-567-9475
Melissa.Hotze@usdoj.gov

VERIFICATION

I, Cesar Hernandez, a Special Agent employed by the Drug Enforcement Administration, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 6-21 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 7th day of June 2023.

Cesar Hernandez, Special Agent
U. S. Drug Enforcement Administration